UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

MOHAMMED NASIF,

    Plaintiff,                                      CASE NO.:

vs.

POP-MEX, INC., a Florida Profit Corporation;
MEXICANA, INC., A Florida Profit Corporation;
ABDUL SAKR, in his individual capacity;
ALI YASSINE, in his individual capacity,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MOHAMMED NASIF (hereinafter "NASIF"), by and through the undersigned Counsel, and sues the Defendants, POP-MEX, INC., a Florida Profit Corporation, (hereinafter "POP-MEX"); MEXICANA, INC., a Florida Profit Corporation (hereinafter "MEXICANA"); ABDUL SAKR, in his individual capacity (hereinafter "SAKR"); and ALI YASSINE, in his individual capacity (hereinafter "YASSINE") (POP-MEX, MEXICANA, SAKR, and YASSINE are hereinafter collectively referred to as "DEFENDANTS"), pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., and alleges the following:

## JURISDICTION AND VENUE

1. This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue lies within the Southern District of Florida, Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

## PARTIES

3. At all times material hereto, NASIF was a resident of Palm Beach County, Florida, and was an "employee" of POP-MEX as defined by the FLSA.

4. At all times material hereto, POP-MEX was duly authorized and licensed to do business in Palm Beach County, Florida. POP-MEX was NASIF's "employer" as defined by the FLSA. POP-MEX provided and continues to provide fast food services to customers in the county through the operation of a Popeyes Restaurant.

5. At all times material hereto, POP-MEX was a privately held company in Boynton Beach, Florida with annual gross sales and/or business volume of $500,000 or more.

6. In the advancement of its business, POP-MEX employed at least two (2) employees within the meaning of the FLSA.

7. In the advancement of its business, POP-MEX had/has many employees who regularly handled, sold, rented, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person. In the advancement of its business, POP-MEX engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

8. At all times material hereto, SAKR was and continues as Director of POP-MEX, and controlled NASIF's duties, hours worked, and compensation. Accordingly, SAKR was an "employer" of NASIF within the meaning of 29 U.S.C. § 203(d).

9. At all times material hereto, YASSINE was and continues as President of POP-MEX, and controlled NASIF's duties, hours worked, and compensation. Accordingly, YASSINE was an "employer" of NASIF within the meaning of 29 U.S.C. § 203(d).

10. At all times material hereto, MEXICANA was duly authorized and licensed to do business in Palm Beach, Florida, wherein it provided and continues to provide fast food services to customers in the county through the operation of a Taco Bell Restaurant.

11. POP-MEX and MEXICANA share a common director, namely SAKR.

## GENERAL ALLEGATIONS

12. Plaintiff NASIF was employed as a Cashier by POP-MEX from 2016, through on or about March 8, 2020.

13. DEFENDANTS failed to pay NASIF his full and proper overtime wages for certain hours worked during his employment.

14. Specifically, DEFENDANTS failed to pay or otherwise withheld from NASIF his overtime earnings for the period starting on August 20, 2018 and ending on March 8, 2020. NASIF is owed for working 1,591.77 hours of overtime, in which he was paid only his hourly rate, not time and a half. NASIF is owed the remaining overtime rate (half time) for those hours worked, totaling **$8,754.74.**

15. The total amount due and owing to NASIF is **$8,754.74**, which is subject to change as NASIF engages in the discovery process, plus liquidated damages. A breakdown of this amount is attached hereto as *Exhibit A*.

16. DEFENDANTS have knowingly and willfully refused to pay NASIF his legally-entitled wages.

17. To avoid paying NASIF his legally-entitled overtime wages, POP-MEX, SAKR, and YASSINE engaged in a scheme with MEXICANA from August 22, 2018 through April 16, 2019. POP-MEX paid NASIF 80 hours per two-week period at his regular hourly rate of $11.00

per hour. MEXICANA then provided NASIF a secondary pay-check with his overtime hours worked at Popeyes restaurant at his regular hourly rate of $11.00 per hour.

18. From April 16, 2019 through April 28, 2019, POP-MEX provided NASIF with one paycheck listing his hours worked at 99 for the two-week period at his regular hourly rate of $11.00 per hour, failing to pay NASIF the proper overtime rate for 19 of those hours.

19. From April 29, 2019 through March 8, 2020, POP-MEX removed NASIF's hourly rate and hours worked on his earning statements, listing only his total earnings in an effort to avoid overtime calculations. NASIF did not earn a raise at this time and continued to be employed at a rate of $11.00 per hour with POP-MEX.

20. NASIF has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. NASIF has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

### COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") AGAINST ALL DEFENDANTS

22. Plaintiff NASIF realleges and incorporates the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. NASIF brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) overtime wages as listed above, and (b) liquidated damages.

24. At all relevant times, DEFENDANTS employed NASIF within the meaning of the FLSA.

25. During NASIF's employment with DEFENDANTS, and at all times relevant to this action, NASIF regularly worked overtime hours but was not paid time and one-half compensation for each additional hour he worked in excess forty (40) hours per week.

26. Specifically, NASIF is owed for working 1,591.77 hours of overtime for DEFENDANTS, in which he was paid only his hourly rate, not time and a half.

27. The total amount due and owing to NASIF is **$8,754.74**, which is subject to change as NASIF engages in the discovery process, plus liquidated damages.  A breakdown of this amount is attached hereto as *Exhibit A*.

28. DEFENDANTS' actions as alleged in this complaint have been willful and intentional. DEFENDANTS have not made a good faith effort to comply with the FLSA with respect to the compensation of NASIF.

29. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

30. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

31. NASIF seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## COUNT II – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, CHAPTER 501, PART II, FLORIDA STATUTES ("FDUTPA") AGAINST ALL DEFENDANTS

32. Plaintiff NASIF realleges and incorporates the allegations in paragraphs 1 through 21 above as if fully set forth herein.

33. Section 501.204(1) provides that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The provisions of the Act shall be "construed liberally to promote the protection" of the "consuming public and legitimate business enterprises from those who engage in… unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202 (2020).

34. DEFENDANTS were, at all times material to the allegations herein, engaged in "trade or commerce" as defined by the Act. Fla. Stat. § 501.203 (2020).

35. POP-MEX, SAKR, and YASSINE hired an hourly employee, NASIF, and required NASIF to work overtime hours on a weekly basis from August 20, 2018 through March 8, 2020. POP-MEX, SATR, and YASSINE, however, failed to provide NASIF with appropriate overtime pay as required by law.

36. NASIF, through the representations made by DEFENDANTS, had no reason to believe that he would not be paid in accordance with federal or state law.

37. DEFENDANTS took labor from NASIF without providing the correct compensation for overtime hours that NASIF was legally entitled. DEFENDANTS' failure to provide NASIF with proper compensation for overtime hours worked is an unfair and deceptive business act or practice. DEFENDANTS concealment of the overtime hours through another business, MEXICANA, where NASIF was not employed and through the removal of the listed

hours and pay rate on NASIF's earning statements furthered the unfair and deceptive nature of the business act or practice.

38.  Due to Defendants unfair and deceptive business practice, Plaintiff has suffered actual damages through the non-payment of the appropriate overtime rate of time and a half for 1,591.77 hours, resulting in a loss of wages in the amount of **$8,754.74** from August 20, 2018 through March 8, 2020.

WHEREFORE, Plaintiff, MOHAMMED NASIF, demands judgment against Defendants, POP-MEX, INC., MEXICANA, INC., ABDUL SAKR, and ALI YASSINE, jointly and severally, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, MOHAMMED NASIF, demands a trial by jury on all issues so triable.

Dated May 18, 2021.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email**: samantha@sconzolawoffice.com